## No. 506.

### JOHN L. HARGROVE *v.* A. FLOURNOY, Sheriff, et al.

The exemption of one hundred and sixty acres of land with the improvements, together with the work stock, supplies, etc., mentioned in the homestead act of 1852, shows that the intention of the law was to preserve a homestead for a farmer, in order that his family might be supported and his occupation might not be broken up. It has no application to a case like this, where there is merely a house and lot occupied as a residence by an attorney at law.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Looney*, J. *H. H. Hargrove*, for plaintiff and appellant. *A. W. O. Hicks*, for defendant and appellee.

WYLY, J. The plaintiff borrowed from the defendant, Mrs. R. B. Ragland, $4083 20 in gold, with which to make the cash payment on the purchase of a dwelling house and lot of ground about three-quarters of a mile beyond the corporate limits of the city of Shreveport, and executed a special mortgage to secure the same. This lot of ground and house was used by the plaintiff as a place of residence, he being occupied in the practice of law at Shreveport.

The defendant, Mrs. Ragland, sued out an order of seizure and sale to collect the money thus loaned, and the plaintiff injoined the execution thereof, claiming the benefit of the homestead act of 1852.

The question is, is the property thus used and occupied exempted from seizure by said act? We think not. The exemption of one hundred and sixty acres of land with the improvements, together with the work stock, supplies, etc., mentioned in the act, show that the intention of the law was to preserve a homestead for a farmer, in order that

his family might be supported and his occupation might not be broken up. It has no application to a case like this, where there is merely a house and lot occupied as a residence by an attorney at law. This point was in principle settled in the case of Crilly v. Sheriff et al., 25 An. 219.

It is therefore ordered that the judgment herein in favor of the defendants be amended so as to allow ten per cent. general damages for suing out the injunction, and as thus amended let it be affirmed, appellant paying costs of appeal.

Rehearing refused.